**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

**GENE Y. KANG**
Partner
(201) 287-2489
gene.kang@rivkin.com

January 6, 2025

**VIA ECF**
Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:   *Junsub Shim v. Luxury Asset Capital, LLC, et al.*
          Case No.: 1:24-cv-09738-JPC
          Our File No.: 14724-1

Dear Judge Cronan:

    We represent Plaintiff, Junsub Shim ("Plaintiff" or "Shim") in connection with the above-referenced action. Pursuant to Fed. R. Civ. P. 5.2(d) and Section 4 of Your Honor's Individual Rules and Practices in Civil Cases, we respectfully submit this letter motion seeking leave to file a redacted Amended Complaint and Jury Demand ("Amended Complaint") and exhibits thereto.

    On December 11, 2024, Plaintiff filed a motion for leave to file a redacted Complaint and exhibits thereto. (*See* Case No. 1:24-mc-00580-VEC, D.E. 1). On December 13, 2024, the Honorable Valerie E. Caproni, U.S.D.J. granted, in part, Plaintiff's application. (*See* Case No. 1:24-mc-00580-VEC, D.E. 3). Here, Plaintiff seeks to redact the same confidential and personal information permitted by Judge Caproni that is contained in the Amended Complaint and attached exhibits.

    The Amended Complaint and exhibits contain: (i) confidential information concerning the purchase of the subject artwork, which if publicly disclosed, is likely to cause harm to the parties; and (ii) personal information of the parties. In particular:

(i)    Exhibit A to the Amended Complaint is a copy of the Agreement of Sale ("Agreement") in connection with the purchase of the subject artwork, which contains confidential information concerning the purchase price. The Agreement contains a confidentiality provision in Paragraph 6, pursuant to which the Plaintiff and Defendant, Carmichael Gallery, LLC ("Gallery") agreed that "the subject matter of [the] Agreement, including but not limited to . . . the Purchase Price, are confidential and each of the Buyer and

66 South Pearl Street, 11th Floor    1301 Riverplace Boulevard    477 Madison Avenue    2649 South Road    926 RXR Plaza
Albany, NY 12207-1533    Jacksonville, FL 32207-9047    New York, NY 10022-5843    Poughkeepsie, NY 12601-6843    Uniondale, NY 11556-0926
T 518.462.3000 F 518.462.4199    T 904.792.8925 F 904.467.3461    T 212.455.9555 F 212.687.9044    T 845.473.8100 F 845.473.8777    T 516.357.3000 F 516.357.3333

Case 1:24-cv-09738-JPC   Document 4   Filed 01/06/25   Page 2 of 3



Honorable John P. Cronan, U.S.D.J.
January 6, 2025
Page 2 of 3

> Seller agrees not to disclose any of the foregoing information to any person or entity, except as may be required by law or with the written permission of the party."

(ii)  Exhibit B is a copy of the invoice for the subject artwork, which contains confidential information regarding the purchase price. It also contains confidential bank account information of the Gallery.

(iii) Exhibit C is a copy of a wire transfer confirmation, which contains the confidential purchase price for the artwork

(iv)  Exhibit D is a copy of the registration card for the artwork and Plaintiff's passport, which contains confidential personal information of the Plaintiff on his passport.

(v)   The Amended Complaint contains confidential information relating to the purchase price of the artwork.[1]

As discussed, Judge Caproni permitted redaction of the very information identified above and sought to be redacted here. (*See* Case No. 1:24-mc-00580-VEC, D.E. 3). Further, "courts in this Circuit routinely permit parties to redact sensitive financial information . . . . [including] competitive pricing data . . . [and] project pricing[.]" *Graczyk v. Verizon Communc'ns*, Inc.*,* No. 18-cv-6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (citing *In re Digital Music Antitrust Litig*., 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) and *Hesse v. SunGard Systems Intern*., No. 12-cv-1990, 2013 WL 174403 at *2-3 (S.D.N.Y. 2013)). Courts have also "permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties." *In re B & C KB Holding GmbH*, No. 22-mc-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (internal citations omitted).

If the confidential information purchase price for the artwork is publicly disclosed, the parties are likely to suffer harm, including losing the ability to competitively negotiate a future sale of the artwork.[2] Additionally, there is no need for personal data of the parties to be publicly disseminated, which would harm the parties by making such information available to third parties. The redactions sought in this motion are narrowly tailored to address the limited confidential information contained in the documents.

---

[1] Pursuant to Section 4 of Your Honor's Individual Rules and Practices in Civil Cases, a proposed redacted version of the Amended Complaint with exhibits is attached hereto as Exhibit A.

[2] The Declaration of Junsub Shim (which was previously submitted in support of Plaintiff's motion to seal/redact in Case No. 1:24-mc-00580-VEC) refers to the Complaint, but the confidential information discussed therein is the same as the confidential information in the Amended Complaint.



Honorable John P. Cronan, U.S.D.J.
January 6, 2025
Page 3 of 3

    Accordingly, we respectfully request that the Court grant this motion and permit the filing of a redacted copy of the Amended Complaint and attached exhibits.

    We thank the Court for its attention to this matter.

                                            Respectfully submitted,
                                            **RIVKIN RADLER LLP**

                                            *s/ Gene Y. Kang*
                                                Gene Y. Kang