UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNSUB SHIM,<br><br>                        Plaintiff,<br><br>         -against-<br><br>LUXURY ASSET CAPITAL, LLC; LUXURY ASSET CAPITAL HOLDINGS, LLC; BLCE, LLC D/B/A NEW YORK LOAN COMPANY; NORA ALETTE GILLERN; CARMICHAEL GALLERY, LLC; and SETH CARMICHAEL,<br><br>                        Defendants. | Civil Action No.: 1:24-cv-09738-JPC<br><br>**DECLARATION OF<br>JUNSUB SHIM** |

JUNSUB SHIM declares under penalty of perjury as follows:

1.      I am an art collector based in South Korea and the Plaintiff in the above-referenced action. I respectfully submit this Declaration in support my application to file the Complaint and exhibits thereto under seal. I have personal knowledge of the facts set forth below.

2.      The Complaint and exhibits attached thereto contain confidential information concerning my purchase of certain artwork ("Artwork") as well as my personal information, which if publicly disclosed, is likely to cause me harm.

3.      In particular, Exhibit A to the Complaint is a copy of the Agreement of Sale ("Agreement") in connection with the purchase of the Artwork, which contains a confidentiality provision in Paragraph 6, pursuant to which the I and defendant, Carmichael Gallery, LLC ("Gallery") agreed that "the subject matter of [the] Agreement, including but not limited to the identity of the Buyer and the works and the Purchase Price, are confidential and each of the Buyer

and Seller agrees not to disclose any of the foregoing information to any person or entity, except as may be required by law or with the written permission of the party."

4. Exhibit B to the Complaint is a copy of the invoice for the Artwork, which contains information acknowledged to be confidential in the Agreement, including the identity of the Artwork as well as its purchase price. It also contains confidential bank account information of the Gallery.

5. Exhibit C to the Complaint is a copy of the wire transfer confirmation in connection with the transaction, which contains the confidential purchase price for the Artwork.

6. Exhibit D to the Complaint is a copy of the registration card for the Artwork and my passport, which contains the confidential identify of the Artwork, as well as confidential personal information of the Plaintiff on his passport.

7. The Complaint contains information acknowledged by myself and the Gallery to be confidential in the Agreement, including the identity of the Artwork, the purchase price, and other terms in the Agreement.

8. If the confidential information relating to the Artwork and transaction described above are publicly disclosed, I am likely to suffer harm, including due to the price of the Artwork potentially falling or my losing the ability to competitively negotiate a future sale of the Artwork due to the purchase price being publicly available.

9. Additionally, public dissemination of my personal information to the public is likely to cause me harm.

10. The redactions sought in the motion to seal are narrowly tailored to address the limited confidential information contained in the Complaint and attached exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Junsub Shim

Dated: December 11, 2024