**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

25 Main Street
Court Plaza North, Suite 501
Hackensack, N J  07601-7082
T 201.287.2460 F 201.489.0495

GENE Y. KANG
Partner
(201) 287-2489
gene.kang@rivkin.com

January 8, 2025

**VIA ECF**
Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *Junsub Shim v. Luxury Asset Capital, LLC, et al.*
                Case No.: 1:24-cv-09738-JPC
                Our File No.: 14724-1

Dear Judge Cronan:

      We represent Plaintiff, Junsub Shim ("Plaintiff" or "Shim") in connection with the above-referenced action. Pursuant to Fed. R. Civ. P. 5.2(d), Section 4 of Your Honor's Individual Rules and Practices in Civil Cases, and the Court's Order of January 7, 2025 (D.E. 6), we respectfully submit this renewed letter motion seeking leave to file a redacted Amended Complaint and Jury Demand ("Amended Complaint") and exhibits thereto.

      On December 11, 2024, Plaintiff filed a motion for leave to file a redacted Complaint and exhibits thereto. (*See* Case No. 1:24-mc-00580-VEC, D.E. 1). On December 13, 2024, the Honorable Valerie E. Caproni, U.S.D.J. granted, in part, Plaintiff's application. (*See* Case No. 1:24-mc-00580-VEC, D.E. 3). Here, Plaintiff seeks to redact the same confidential and personal information permitted by Judge Caproni that is contained in the Amended Complaint and attached exhibits.

      The Amended Complaint and exhibits contain: (i) confidential information concerning the purchase of the subject artwork, which if publicly disclosed, is likely to cause harm to the parties; and (ii) personal information of the parties. In particular:

(i)      Exhibit A to the Amended Complaint is a copy of the Agreement of Sale ("Agreement") in connection with the purchase of the subject artwork, which contains confidential information concerning the purchase price. The Agreement contains a confidentiality provision in Paragraph 6, pursuant to which the Plaintiff and Defendant, Carmichael Gallery, LLC ("Gallery") agreed that "the subject matter of [the] Agreement, including but not limited to . . . the Purchase Price, are confidential and each of the Buyer and

**RIVKIN RADLER**
ATTORNEYS AT LAW

Honorable John P. Cronan, U.S.D.J.
January 8, 2025
Page 2 of 3

                Seller agrees not to disclose any of the foregoing information to any person or entity, except as may be required by law or with the written permission of the party."

(ii)      Exhibit B is a copy of the invoice for the subject artwork, which contains confidential information regarding the purchase price. It also contains confidential bank account information of the Gallery.

(iii)     Exhibit C is a copy of a wire transfer confirmation, which contains the confidential purchase price for the artwork

(iv)     Exhibit D is a copy of the registration card for the artwork and Plaintiff's passport, which contains confidential personal information of the Plaintiff on his passport.

(v)      The Amended Complaint contains confidential information relating to the purchase price of the artwork.[1]

       The factors addressed in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) support granting this application. The Amended Complaint is a "judicial document" as it is a pleading and is "'relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch*, 435 F.3d at 119 (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)); *see also Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. Aug. 10, 2017) ("Pleadings are judicial documents for purposes of common-law and First Amendment rights of access"). Indeed, a pleading is "used to determine litigants' substantive legal rights," and therefore carries a strong presumption of public access. *See Lugosch*, 435 F.3d at 121.

       However, this presumption may be outweighed by "'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework[.]" *Id.* at 124 (internal citations omitted). In the First Amendment context, sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.*

       "[O]ne consideration that may override the presumption of public access is the confidentiality of sensitive commercial information." *Vinci Brands LLC v. Coach Servs., Inc.*, No. 23-cv-5409, 2023 WL 6289969, at *2 (S.D.N.Y. Sep. 27, 2023); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* No. 14-mc-02542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) ("The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest."). "[C]ourts in this Circuit routinely permit parties to redact sensitive financial information . . . . [including] competitive pricing data . . . [and] project pricing[.]" *Graczyk v. Verizon Communc'ns*, Inc.*,* No. 18-cv-6465,

---

[1] Pursuant to Section 4 of Your Honor's Individual Rules and Practices in Civil Cases, a proposed redacted version of the Amended Complaint with exhibits is attached hereto as Exhibit A.



Honorable John P. Cronan, U.S.D.J.
January 8, 2025
Page 3 of 3

2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (citing *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) and *Hesse v. SunGard Systems Intern.*, No. 12-cv-1990, 2013 WL 174403 at *2-3 (S.D.N.Y. 2013)). *See also Locus Techs. V. Honeywell Int'l Inc.*, No. 19-cv-11532, 2024 WL 5103334, at *12 (S.D.N.Y. Dec. 13, 2024) ("This pricing information will be sealed because Locus's competitors could seek to exploit it to undercut Locus's pricing.").

Courts have also "permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties." *In re B & C KB Holding GmbH*, No. 22-mc-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (internal citations omitted); *see also Lytle v. JPMorgan Chase,* 810 F. Supp. 2d 616, 631-32 (S.D.N.Y. 2011) (discussing standard under *Lugosch* and granting sealing of personal data).

If the confidential information purchase price for the artwork is publicly disclosed, the parties are likely to suffer harm, including losing the ability to competitively negotiate a future sale of the artwork.[2] Additionally, there is no need for personal data of the parties to be publicly disseminated, which would harm the parties by making such information available to third parties. The redactions sought in this motion are narrowly tailored to address the limited confidential information contained in the documents. In fact, the Amended Complaint contains a single redaction with regard to the purchase price, and the exhibits contain limited redactions pertaining only to the purchase price and the parties' personal data.

As discussed, Judge Caproni permitted redaction of the very information identified above and sought to be redacted here. (*See* Case No. 1:24-mc-00580-VEC, D.E. 3).

Accordingly, we respectfully request that the Court grant this motion and permit the filing of a redacted copy of the Amended Complaint and attached exhibits.

We thank the Court for its attention to this matter.

                Respectfully submitted,
                **RIVKIN RADLER LLP**

                *s/ Gene Y. Kang*
                  Gene Y. Kang

4914-8068-9157, v. 1

---

[2] The Declaration of Junsub Shim (which was previously submitted in support of Plaintiff's motion to seal/redact in Case No. 1:24-mc-00580-VEC) refers to the Complaint, but the confidential information discussed therein is the same as the confidential information in the Amended Complaint.