UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                         :

JUNSUB SHIM,                                                :

                       Plaintiff,                              :

                  -v-                            :          24 Civ. 9738 (JPC)

LUXURY ASSET CAPITAL, LLC, *et al.*,         :           <u>ORDER</u>

                   Defendants.                    :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

        On July 7, 2025, Plaintiff moved for a Court order allowing substituted service of copies of the Amended Complaint, Dkts. 8, 10, and Summons, Dkt. 12, on Defendants Seth Carmichael and Nora Alette Gillern under Federal Rules of Civil Procedure 4(e)(1) and 4(f)(3) and New York Civil Practice Law and Rules ("CPLR") Section 308(5). *See* Dkts. 41, 42 ("Motion"), 43 ("Kang Decl."), 44.

        "Federal Rule of Civil Procedure 4(e) provides, *inter alia*, that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located." *Day v. Slothower*, No. 21 Civ. 1188 (PAE), 2021 WL 6427556, at *1 (S.D.N.Y. Apr. 27, 2021). CPLR Section 308(5), in turn, allows for personal service to be made on a natural person "in such manner as the court, upon motion without notice, directs, if service is impracticable" under CPLR Sections 308(1), (2), and (4). N.Y. C.P.L.R. § 308(5); *see Parisi v. Fretta*, 542 N.Y.S.2d 713, 714 (2d Dep't 1989) (summarizing that CPLR Sections 308(1), (2) and (4) "provide for service by personal delivery, delivery and mailing, and nailing and mailing, respectively"). "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Day*, 2021 WL 6427556, at *1 (internal quotation marks omitted); *accord Astrologo v. Serra*, 659 N.Y.S.2d

481, 482 (2d Dep't 1997). In addition, the Court has an obligation to ensure that Plaintiff's proposed method of service comports with due process, which "require[s] that any means of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (internal quotation marks omitted); *accord Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950) ("The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."); *see also In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d 456, 491 (S.D.N.Y. 2010) ("Due process does not require the Court to consider all possible forms of alternative service available.").

Rule 4(f)(3) allows service of an individual in a foreign country through "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Although court-ordered, "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (internal quotation marks omitted); *accord In re BRF S.A. Sec. Litig.*, No. 18 Civ. 2213 (PKC), 2019 WL 257971, at *2 (S.D.N.Y. Jan. 18, 2019). It is instead "merely one means among several which enables service of process on an international defendant." *Rio Props.*, 284 F.3d at 1015; *accord In re BRF S.A. Sec. Litig.*, 2019 WL 257971, at *2. Thus, a plaintiff need not exhaust the other provisions of Rule 4(f) before seeking court-ordered service. *See In re BRF S.A. Sec. Litig.*, 2019 WL 257971, at *2. But courts in this District have explained that a showing by a plaintiff (1) that it reasonably attempted to serve a defendant through other means and (2) that judicial intervention is necessary, help "guide the exercise of discretion" in deciding whether to order service under Rule 4(f)(3). *Id.* In addition, service pursuant to Rule 4(f)(3) must "comport[] with constitutional notions of due process." *Id.* (internal quotation marks omitted). As with Rule 4(e) and CPLR Section 308(5), service under Rule 4(f)(3) satisfies due

process when the "notice [is] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Luessenhop v. Clinton Cnty., N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006); *accord In re BRF S.A. Sec. Litig.*, 2019 WL 257971, at *2.

With respect to Carmichael, the Court is satisfied with Plaintiff's showings that the applicable standards have been met and that the proposed service via email comports with due process. As for Rule 4(e)(1) and CPLR Section 308(5), Plaintiff has shown that other means of service are impracticable. Plaintiff's counsel submits he has "conducted public records searches through LexisNexis, Westlaw and Google to determine the current addresses for Carmichael" and that "[d]espite the public records searches [he] performed, he has been unable to confirm whether Carmichael currently resides outside of the United States, and if so, in which country he resides." Kang Decl. ¶¶ 3, 10; *see also id.*, Exh. N (letter, dated October 19, 2021, in another case brought by a different plaintiff against Carmichael, representing that "Mr. Carmichael does not live in the U.S., and has not in at least five years"). The Court concludes that these attempts adequately illustrate impracticability of service on Carmichael via CPLR Sections 308(1), (2), and (4). *See Bozza v. Love*, No. 15 Civ. 3271 (LGS), 2015 WL 4039849, at *1 (S.D.N.Y. July 1, 2015) ("Courts have found the impracticability standard met where, despite a diligent search, a plaintiff has demonstrated that her efforts to obtain information regarding the defendant's current residence or place of abode through ordinary means had proven ineffectual." (internal quotation marks and alterations omitted)). As for Rule 4(f)(3), Plaintiff has tried on multiple occasions to serve Carmichael through traditional methods, including by personal service at his last known address in the United States. Kang Decl. ¶ 2; *see also id.*, Exh. D (documenting attempts to personally serve Carmichael). And while complying with the Hague Convention's "procedures for service of process"—including certain countries' restrictions on service by email—is "mandatory" when the Convention applies, it "does not apply" where, as here,

"the address of the person to be served with the document is not known." *Moonbug Entm't Ltd. v. ABDG Store*, No. 22 Civ. 2386 (RA), 2025 WL 1796242, at *2-4 (S.D.N.Y. June 30, 2025) (internal quotation marks omitted); *see also id.* at *3 ("It is now well-established in this district that service by email on defendants located in China is not permitted by the Hague Convention." (internal quotation marks omitted)).

As to due process, "service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Day*, 2021 WL 6427556, at *1 (citation modified) (approving email service under Rule 4(e)(1) and CPLR Section 308(5)); *Moonbug Entm't*, 2025 WL 1796242, at *3-4 (approving email service under Rule 4(f)(3) and explaining that "[i]t is well settled that service of foreign defendants by email can satisfy due process so long as the plaintiff demonstrates that the email is likely to reach the defendant" (internal quotation marks and citations omitted)). Here, Plaintiff has made a sufficient showing that service through the provided email address is likely to reach Carmichael, given that Carmichael used that email address to communicate with representatives of Defendant Luxury Asset Capital, LLC and Plaintiff's purchasing agent as recently as March 2024, *see* Kang Decl., Exh. O. *Cf. Zanghi v. Ritella*, No. 19 Civ. 5830 (NRB), 2020 WL 6946512, at *2 (S.D.N.Y. Nov. 25, 2020) ("In cases where courts have approved of service by email, plaintiffs typically introduced evidence that (1) the email address is indisputably connected with the defendant, such as the defendant using the account to personally communicate with the plaintiff or publicly advertising that email address as a means to conduct official business with the defendant, and (2) the account is active and has been recently used." (collecting cases)); *compare Zanghi v. Ritella*, No. 19 Civ. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) (allowing service by email alone where there was evidence the relevant defendant had used the email address within the past year), *with Paushok v. Ganbold*, 487 F. Supp. 3d 243, 245-46 (S.D.N.Y. 2020) (rejecting service by email alone where the plaintiff had "offered no evidence" that the relevant defendants had "used

these [email] addresses in the past five years"). The Court therefore grants Plaintiff's motion to serve Carmichael with the Amended Complaint and Summons by email.

However, the Court denies Plaintiff's request with respect to Gillern. Plaintiff "seeks to serve Gillern via regular and certified mail, return receipt requested at both her last known home address and registered office address for her employer, 24 Seven, LLC, as well as through her social media accounts." Motion at 1. Under CPLR Section 308(5), the Court may direct alternative service only "if service is impracticable under paragraphs one, two and four" of that section. N.Y. C.P.L.R. § 308(5). But Plaintiff has not shown that service is impracticable under each of these provisions. *See, e.g.*, *id.* § 308(2) (summons can be delivered to the defendant's "actual place of business, dwelling place or usual place of abode" and left with a "person of suitable age" if a copy is also mailed to the defendant's "last known residence" or "actual place of business"); *id.* § 308(4) (if service cannot be made under paragraphs one and two, it can be effected by affixing a copy of the summons to the defendant's "actual place of business, dwelling place or usual place of abode" and by mailing the summons to the defendant's "last known residence" or "actual place of business"); *see also Black v. Vitello*, 841 F. App'x 334, 335 (2d Cir. 2021) (summary order) (explaining these methods and confirming that "[a] judge may order an alternative if none of the above methods is practicable"). Plaintiff may renew his alternative service motion as to Gillern upon showing that service is impracticable under all three relevant provisions.

For the above reasons, Plaintiff's motion for alternative service is granted solely with respect to Carmichael. This Order, however, is without prejudice to Carmichael challenging the sufficiency of service when he appears.

Plaintiff shall serve a copy of the Summons, Complaint, and this Order to Carmichael by emailing sethdcarmichael@gmail.com.  Plaintiff is further ordered to file proof of service of these three documents on ECF.  As for both Carmichael and Gillern, the Court extends the time for service under Rule 4(m) to December 22, 2025.  The Clerk of Court is respectfully directed to close Docket Number 41.

SO ORDERED.

Dated: October 31, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge