UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                         :

JUNSUB SHIM,                                            :

                          Plaintiff,                         :
                                                       :          24 Civ. 9738 (JPC)
           -v-                                      :
                                                       :              ORDER

CARMICHAEL GALLERY, LLC and SETH    :
CARMICHAEL,
                                                       :
                                                       :
                        Defendants.                   :
                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       On March 5, 2026, this Court dismissed the remaining claims against Defendant Luxury Asset Capital, LLC, leaving Carmichael Gallery, LLC and Seth Carmichael as the only Defendants. Dkt. 71.  As the Court explained in its Opinion and Order, *see id.* at 4, those Defendants have failed to appear and respond to the operative Complaint by the applicable deadlines, and the Clerk's Office has issued certificates of default for both.  *See* Dkts. 39 (Carmichael Gallery certificate of default, dated June 20, 2025), 66 (Seth Carmichael certificate of default, dated January 20, 2026).

       By no later than March 27, 2026, Plaintiff shall move for default judgment as to Defendants, in accordance with Local Civil Rule 55.2 and 3.E of the Court's Individual Rules and Practices for Civil Cases, or show cause why this case should not be dismissed for failure to prosecute.  Under this Court's Individual Rules, Plaintiff must serve his motion for default judgment and supporting paperwork on Defendants by March 27, 2026, and must file an Affidavit of Service on ECF by March 31, 2026.  Defendants shall file any opposition to the motion for default judgment no later than April 10, 2026.  Plaintiff shall file any reply no later than April 17, 2026.

       Upon a motion for default judgment, the Court must "accept[] as true all of the factual

allegations of the complaint, except those relating to damages," and grant the Plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). But the Court must also "determine whether the [Complaint's] allegations establish [Defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Accordingly, Plaintiff's supporting brief shall explain why the operative Complaint states a claim with respect to each cause of action for which default judgment is sought, including by identifying how each element of the cause of action is satisfied by the well-pleaded allegations of the operative Complaint. Failure to do so may result in the denial of default judgment as to that cause of action.

In his supporting brief, Plaintiff shall also explain why his service as to each Defendant was proper, as this Court "may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *E.g.*, *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, No. 17 Civ. 1585 (GHW), 2017 WL 3242331, at *2 (S.D.N.Y. July 28, 2017) (internal quotation marks omitted); *see also Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd.*, Nos. 00 Civ. 2389 (RMB), 01 Civ. 1315 (RMB), 2005 WL 3501900, at *1 (S.D.N.Y. Dec. 21, 2005) ("A default judgment obtained by way of defective service is void *ab initio* and must be set aside as a matter of law. Plaintiff has the burden of demonstrating that service was proper." (internal quotation marks omitted)). Failure to do so, once again, may result in the denial of default judgment.

Finally, the Court notes that the operative Complaint "is deficient because it contains no allegation as to the identity or citizenship of [the Gallery's] members," even though "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *see* Dkt. 8 ¶ 10 ("Upon information and belief, Defendant Carmichael Gallery, LLC is a limited liability company organized under Florida

law with an address at 3208 W. Price Avenue, Tampa, Florida, 33611."). While this deficiency is not necessarily fatal, Plaintiff's supporting papers shall establish the citizenship of the Gallery's members. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (explaining that "when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties," courts "may simply deem the pleadings amended so as to properly allege diversity jurisdiction" (internal quotation marks omitted)).

It is further ordered that Defendants appear and show cause at a hearing before this Court on May 19, 2026, at 2:00 p.m., why an order should not be issued granting a default judgment against Defendants. That hearing shall take place telephonically. At the scheduled time, counsel for all parties should call (855) 244-8681, access code 2302 755 2307. In the event that Defendants do not appear, Plaintiff's counsel should be prepared to discuss any communications with Defendants or representatives for Defendants regarding their litigation and any intent to challenge the suit, including discussions about the alleged illegal conduct prior to the filing of the lawsuit; how Defendants were served with the Summons and Complaint and this Order; why Plaintiff's counsel is confident that Defendants have been served with those documents and have received notice of the hearing; and the method for calculating damages. In the event that Defendants appear in this action and oppose the motion for default judgment prior to the scheduled court appearance on May 19, 2026, that court appearance shall also serve as an Initial Case Management Conference pursuant to 5.B of the Court's Individual Rules and Practices in Civil Cases.

Plaintiff shall serve Defendants via overnight courier and email with a copy of this Order within one week of the date of this Order. Within two business days of service, Plaintiff must file proof of such service on the docket.

SO ORDERED.

Dated: March 6, 2026
   New York, New York

JOHN P. CRONAN
United States District Judge