

WWW.RIVKINRADLER.COM

25 Main Street
Court Plaza North, Suite 501
Hackensack, N J  07601-7082
T 201.287.2460 F 201.489.0495

**GENE Y. KANG**
Partner
(201) 287-2489
gene.kang@rivkin.com

March 27, 2026

**VIA ECF**
Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:    *Junsub Shim v. Luxury Asset Capital, LLC, et al.*
       Case No.: 1:24-cv-09738-JPC
       Our File No.: 14724-1

Dear Judge Cronan:

We represent Plaintiff, Junsub Shim ("Plaintiff" or "Shim") in connection with the above-referenced action. Pursuant to Fed. R. Civ. P. 5.2(d) and Section 4 of Your Honor's Individual Rules and Practices in Civil Cases, we respectfully submit this letter motion seeking leave to file a redacted Motion for Default Judgment against defendants Seth Carmichael and the Carmichael Gallery, LLC ("Defaulting Defendants") and two exhibits thereto under seal.[1]

On March 6, 2026, the Court ordered that by no later than Friday, March 27, 2026, Plaintiff shall either move for default judgment as to the Defendants or show cause why this case should not be dismissed for failure to prosecute. (D.E. 72). Plaintiff intends to file a Motion for Default Judgment as to the Defendants.

The Motion for Default Judgment and related documents thereto contain: (i) confidential information concerning the purchase of the subject artwork, which if publicly disclosed, is likely to cause harm to the parties; and (ii) personal information of the parties. In particular:

(i)    The Memorandum of Law and Declaration of Gene Y. Kang and Exhibits attached thereto submitted in support of the Motion for Default Judgment contain confidential information relating to the purchase price of the artwork.

---

[1] Documents filed in support of Plaintiff's Motion for Default Judgment that were previously submitted under seal pursuant to prior letter motions granted by the Court are not included in this submission.

66 South Pearl Street, 11th Floor     1301 Riverplace Boulevard     477 Madison Avenue     2649 South Road     926 RXR Plaza
Albany, NY 12207-1533     Jacksonville, FL 32207-9047     New York, NY 10022-5843     Poughkeepsie, NY 12601-6843     Uniondale, NY 11556-0926
T 518.462.3000 F 518.462.4199     T 904.792.8925 F 904.467.3461     T 212.455.9555 F 212.687.9044     T 845.473.8100 F 845.473.8777     T 516.357.3000 F 516.357.3333



(ii) The Declaration of Gene Y. Kang, Exhibits 4 & 24, are documents produced by Luxury Asset Capital, LLC ("LAC") during discovery in this action relating to loans it issued to Carmichael that it designated confidential.

(iii) The Declaration of Junsub Shim, Exhibit A is a copy of the Agreement of Sale in connection with the purchase of the Artwork, which contains confidential information regarding the purchase price.

(iv) The Declaration of Junsub Shim, Exhibit B is a copy of the invoice for the subject artwork, which contains confidential information regarding the purchase price. It also contains confidential bank account information of the Gallery.

(v) The Declaration of Junsub Shim, Exhibit C is a copy of a wire transfer confirmation, which contains the confidential purchase price for the artwork.

(vi) The Declaration of Junsub Shim, Exhibit D is a copy of the registration card for the artwork and Plaintiff's passport, which contains confidential personal information of the Plaintiff on his passport.

Pursuant to Section 4 of Your Honor's Individual Rules and Practices in Civil Cases, Plaintiff respectfully encloses the following documents containing the proposed redactions:

(i) Exhibit A –The Memorandum of Law submitted in support of the Motion for Default Judgment.
(ii) Exhibit B – Declaration of Gene Y. Kang submitted in support of the Motion for Default Judgment.
(iii) Exhibit C – Exhibit A to the Declaration of Junsub Shim.
(iv) Exhibit D – Exhibit B to the Declaration of Junsub Shim.
(v) Exhibit E – Exhibit C to the Declaration of Junsub Shim.
(vi) Exhibit F – Exhibit D to the Declaration of Junsub Shim.

Exhibits 4 and 24 to the Declaration of Gene Y. Kang contain information LAC deems confidential information concerning its business, and thus, Plaintiff requests leave to file these two exhibits entirely under seal.

The factors addressed in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) support granting this application. The Motion for Default Judgment is a "judicial document" as it is a dispositive motion and is "'relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch*, 435 F.3d at 119 (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)); *see also Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. Aug. 10, 2017) (documents filed in relation to a motion "are judicial documents")(additional citations omitted). Indeed, "[d]ispositive motions are adjudications, and '[a]n adjudication is a formal act



Honorable John P. Cronan, U.S.D.J.
March 27, 2026
Page 3 of 4

of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny.'" *Under Seal*, 273 F. Supp. 3d at 470 *citing Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

However, this presumption may be outweighed by "'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework[.]" *Lugosch*, 435 F.3d at 124 (internal citations omitted). In the First Amendment context, sealing "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.*

"[O]ne consideration that may override the presumption of public access is the confidentiality of sensitive commercial information." *Vinci Brands LLC v. Coach Servs., Inc.*, No. 23-cv-5409, 2023 WL 6289969, at *2 (S.D.N.Y. Sep. 27, 2023); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* No. 14-mc-02542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) ("The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest."). "[C]ourts in this Circuit routinely permit parties to redact sensitive financial information . . . . [including] competitive pricing data . . . [and] project pricing[.]" *Graczyk v. Verizon Communc'ns, Inc.,* No. 18-cv-6465, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (citing *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) and *Hesse v. SunGard Systems Intern.*, No. 12-cv-1990, 2013 WL 174403 at *2-3 (S.D.N.Y. 2013)). *See also Locus Techs. V. Honeywell Int'l Inc.*, No. 19-cv-11532, 2024 WL 5103334, at *12 (S.D.N.Y. Dec. 13, 2024) ("This pricing information will be sealed because Locus's competitors could seek to exploit it to undercut Locus's pricing.").

Courts have also "permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties." *In re B & C KB Holding GmbH*, No. 22-mc-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (internal citations omitted); *see also Lytle v. JPMorgan Chase,* 810 F. Supp. 2d 616, 631-32 (S.D.N.Y. 2011) (discussing standard under *Lugosch* and granting sealing of personal data).

If the confidential purchase price for the artwork is publicly disclosed, the parties are likely to suffer harm, including losing the ability to competitively negotiate a future sale of the artwork. Additionally, there is no need for personal data of the parties and confidential commercial information of LAC to be publicly disseminated, which would harm the parties by making such information available to third parties. The redactions and sealing sought in this motion are narrowly tailored to address the limited confidential information contained in the documents.

Accordingly, we respectfully request that the Court permit the filing of the proposed redacted documents annexed hereto and permit Exhibits 4 and 24 to the Declaration of Gene Y. Kang to be filed under seal in their entirety.



Honorable John P. Cronan, U.S.D.J.
March 27, 2026
Page 4 of 4

We thank the Court for its attention to this matter.

Respectfully submitted,
**RIVKIN RADLER LLP**

*s/ Gene Y. Kang*
Gene Y. Kang

For the reasons identified in Plaintiff's letter and as already recognized by this Court, *see* Dkt. 9, the request to file the default judgment motion and the exhibits thereto in a partially redacted form is granted.  The Clerk of Court is respectfully directed to maintain the unredacted versions of those documents under seal, and is respectfully directed to close Docket Number 75.  By April 3, 2026, Plaintiff shall file the redacted versions of those documents on the public docket.

SO ORDERED.
Date: March 30, 2026
New York, New York

JOHN P. CRONAN
United States District Judge