

WWW.RIVKINRADLER.COM

25 Main Street
Court Plaza North, Suite 501
Hackensack, N J  07601-7082
T 201.287.2460 F 201.489.0495

**GENE Y. KANG**
Partner
(201) 287-2489
gene.kang@rivkin.com

June 5, 2026

**VIA ECF**

Honorable John P. Cronan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

   Re: *Junsub Shim v. Luxury Asset Capital, LLC, et al.*
     Case No.: 1:24-cv-09738-JPC

Dear Judge Cronan:

   We represent plaintiff, Junsub Shim ("Plaintiff"), in the above-referenced action and write in response to the Court's May 13, 2026 Order (D.E. 89) directing Plaintiff to supplement the record, or seek amendment of the First Amended Complaint, to establish the domicile of defendants Carmichael ("Carmichael") and Carmichael Gallery, LLC ("Gallery") (collectively, the "Defendants"). As set forth below and in the accompanying Declaration of Gene Y. Kang ("Kang Declaration" or "Decl."), the record establishes that both Defendants were citizens of Colorado when the Complaint was filed, and therefore, this Court has diversity jurisdiction.

<h3 align="center"><u>Background</u></h3>

   Plaintiff filed its Complaint in this matter on December 18, 2024. (D.E. 1). On March 6, 2026, the Court directed Plaintiff to file its Motion for Default Judgment and to demonstrate that service as to each Defendant was proper. (D.E. 72). On March 27, 2026, Plaintiff filed its Motion for Default Judgment, which included a Declaration of Gene Y. Kang that addressed the jurisdictional question. (D.E. 76-78). On May 15, 2026, the Court directed Plaintiff to provide additional information establishing Defendants' domicile within the United States. (D.E. 89). This submission responds to that directive and addresses the jurisdictional question raised by the Court.

   Defendants defaulted and never appeared in this case, and as a result Plaintiff could not obtain discovery from them, including documents that could definitively resolve the jurisdictional question and establish Carmichael's domicile. As a result, Plaintiff has had to establish Carmichael's domicile through diligent, independent investigation. *See generally* Kang Declaration. As discussed below, the investigation and record establishes that Carmichael was domiciled in the United States.

66 South Pearl Street, 11th Floor  1301 Riverplace Boulevard  477 Madison Avenue  2649 South Road  926 RXR Plaza
Albany, NY 12207-1533  Jacksonville, FL 32207-9047  New York, NY 10022-5843  Poughkeepsie, NY 12601-6843  Uniondale, NY 11556-0926
T 518.462.3000 F 518.462.4199 T 904.792.8925 F 904.467.3461 T 212.455.9555 F 212.687.9044 T 845.473.8100 F 845.473.8777 T 516.357.3000 F 516.357.3333

**RIVKIN RADLER** ℠
ATTORNEYS AT LAW

Honorable John P. Cronan, U.S.D.J.
June 5, 2026
Page 2 of 4

## Argument

### I. The Gallery's Citizenship Follows Carmichael's

The citizenship of a limited liability company is the citizenship of each of its members. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). The relevant inquiry fixes on the members' citizenship at the time the complaint was filed. *See Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) (emphasis added).

Carmichael is the Gallery's sole member. He held himself out as the Gallery's principal to the defendant, Luxury Asset Capital, LLC ("LAC") in loan-related documents (Decl. ¶ 2, Ex. 1); another plaintiff in this District has likewise alleged on information and belief that Carmichael is the Gallery's sole member (Decl. ¶ 3, Ex. 2); and Carmichael is the only individual authorized to manage the Gallery in its Articles of Organization (Decl. ¶ 4, Ex. 3). The Gallery's citizenship is therefore equivalent to Carmichael's.

### II. Carmichael Was Domiciled in Colorado When the Complaint Was Filed

An individual is a citizen of the state in which he is domiciled. *See Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 163 (2d Cir. 1966). A person acquires a new domicile by being physically present in a state and intending to remain there indefinitely. *See Cloyce v. Macy's Dep't Store*, No. 05-cv-597, 2006 WL 983931, at *2 (S.D.N.Y. Apr. 12, 2006). "[E]very person, even the homeless or transient, must have a domicile somewhere." *Id*. The policy underlying federal diversity jurisdiction "strongly tends to discourage a finding that any citizen of the United States who is also a resident could somehow find himself without domicile entirely simply by taking up a vagabond lifestyle." *Willis v. Westing Hotel Co.*, 651 F. Supp. 598, 603 (S.D.N.Y. 1986). Where the evidence suggests more than one residence, the court focuses on intent, examining "the entire course of a person's conduct." *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F. Supp. 37, 41 (S.D.N.Y. 1988). What controls is the intent to remain "for an unspecified or indefinite period of time," not the intent to be somewhere at a particular moment. *Id*. No single factor is dispositive; the court weighs the totality of the evidence, including where family resides, where property is held, and what address a party uses for official and business purposes. *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991) (citing 1 Moore's Federal Practice ¶ 0.74[3–3] at 707.64) ("the residence of a married person's spouse and children (if the couple has not separated) is given considerable weight' . . . [and] [a]mong the influential factors are the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment'"); *see also Guttierez v. Fox*, 966 F. Supp. 214, 218 (S.D.N.Y. 1997) (where, to determine domicile of the plaintiff, the Court considered the totality of the evidence, including, specifically, where plaintiff's family resided); *Reynolds v. Wohl*, 332 F. Supp. 2d 653, 658 (S.D.N.Y. 2004) (where the Court



Honorable John P. Cronan, U.S.D.J.
June 5, 2026
Page 3 of 4

considered the totality of evidence and determined that Plaintiff was domiciled at his sibling's residence).

Here, based on the totality of evidence, Carmichael relocated to Colorado in or around December 2022 and was domiciled there through the filing of the Complaint.

Carmichael repeatedly identified 1624 N El Paso St., Colorado Springs, Colorado 80907 ("El Paso Address") as his address. He provided it as the Gallery's billing address to LAC when asked in connection with a shipment in 2022 (Decl. ¶ 6, Ex. 5); as his personal address when asked by Luke Han, Plaintiff's agent, via WhatsApp in 2023 (Decl. ¶ 7, Ex. 6); and as the Gallery's mailing address on its 2023 and 2024 Florida Annual Reports (Decl. ¶ 8, Exs. 7, 8). *See Willis*, 651 F. Supp. at 604 (holding that a party's use of an address as his mailing address supports a domicile finding). Indeed, a Westlaw PeopleMap report lists the El Paso Address as Carmichael's last known address. (Decl. ¶ 5, Ex. 4).

Carmichael's WhatsApp messages during this period further confirm he was in Colorado. He stated to Han in December 2022 that he was in Colorado and intended to stay there indefinitely because his family is located there. (Decl. ¶ 10, Ex. 10). He stated to Han in May 2023 that he was back in Colorado after visiting New York, and in October 2023 he stated he was living in his car in Colorado near his sister's home. (Decl. ¶ 13, Ex. 14). Thereafter, he continued to remain in Colorado, as he explained to Han in November 2023, (Decl. ¶ 14, Ex. 15), and he returned to Colorado after the 2023 holidays in 2024. (Decl. ¶ 15, Ex. 16). His messages demonstrate a pattern of remaining in and returning to Colorado after each trip out of the state. (Decl. ¶¶ 10, 13, 15, Exs. 10, 13, 16).[1]

The foregoing is corroborated by the fact that the El Paso Address in Colorado Springs that Carmichael used is owned by Carmichael's sister, Rebecca Elisa Boudreaux. (Decl. ¶¶ 11, 12, Exs. 4, 11, 12). Family location is a recognized indicator of domiciliary intent. *See Guttierez*, 966 F. Supp. at 218; *see also Reynolds*, 332 F. Supp. 2d at 658.

A party cannot escape a domicile by adopting a transient lifestyle. *See Cloyce*, 2006 WL 983931, at *2. The law presumes that every citizen has a domicile somewhere. *Id*.; *Willis*, 651 F. Supp. at 603. Colorado was where Carmichael was present, where his family resides, and where

---

[1] As the Court raised, a letter filed by the Gallery in a separate action in this District stated that Carmichael did not reside in the U.S. *See Int'l Sys. Group, Inc. v. Seth Carmichael, et al.*, No. 1:21-cv-06301-PGG, D.E. 13 at 1 n.1 (S.D.N.Y. Oct. 11, 2021). That letter, however, which did not attach any evidence supporting the claim and evinced an effort by Carmichael to evade service, was filed on October 11, 2021, years before the instant action was commenced. And, based on the above, his domicile clearly changed to the U.S. in the years preceding the filing of Plaintiff's Complaint.



Honorable John P. Cronan, U.S.D.J.
June 5, 2026
Page 4 of 4

he intended to remain. On the totality of evidence, it is clear that Carmichael was domiciled in Colorado when the Complaint was filed.

### Conclusion

For the foregoing reasons, the record establishes that Carmichael, and therefore the Gallery, was a citizen of Colorado when the Complaint was filed, and diversity jurisdiction is proper.

Plaintiff respectfully requests that the Court so find and grant Plaintiff's Motion for Default Judgment.

We thank the Court for its attention to this matter.

Respectfully submitted,
**RIVKIN RADLER LLP**

*s/ Gene Y. Kang*
Gene Y. Kang

The default judgment hearing previously adjourned *sine die*, *see* Dkt. 87, is now scheduled for June 24, 2026 at 10:00 a.m.  At that time, counsel for all parties should call (855) 244-8681, access code 2302 755 2307.  Plaintiff shall serve Defendants via overnight courier and email with a copy of this Order within one week of the date of this Order.  Within two business days of service, Plaintiff must file proof of such service on the docket.

In addition, for the reasons identified in Plaintiff's letter, Dkt. 94, and as already recognized by this Court, *see* Dkts. 9, 83, the request to seal certain exhibits in further support of Plaintiff's default judgment motion is granted.  The Clerk of Court is respectfully directed to maintain the unredacted versions of those documents under seal, and is respectfully directed to close Docket Number 94.  By June 12, 2026, Plaintiff shall file an unsealed version of Docket Number 96 but for the three documents that may remain under seal.

SO ORDERED.
Date: June 8, 2026
New York, New York

JOHN P. CRONAN
United States District Judge